United States Court of Appeals

For the Eighth Circuit

_____

No. 24-3166
_____

United States of America

*Plaintiff - Appellee*

v.

Amondo Antoine Miller

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: August 26, 2025
Filed: August 29, 2025
[Unpublished]
_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Amondo Miller, who was counseled below but is now proceeding pro se, appeals after a jury convicted him of fraud, and the district court[1] sentenced him to

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

96 months in prison. On appeal, Miller challenges the indictment, his conviction, and his sentence.

Upon careful review, we conclude that any potential error in the grand jury proceedings was rendered harmless by the jury verdict. See United States v. Louper-Morris, 672 F.3d 539, 559 (8th Cir. 2012) (even assuming that there were errors in the charging decision that may have followed from the conduct of the prosecution, the petit jury's guilty verdict rendered those errors harmless).

We also conclude that the evidence presented at trial was sufficient to support Miller's convictions. See United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo). Specifically, the government presented adequate evidence that Miller's company, Magazine Solutions, used a fraudulent sales pitch to deceive victims into unwittingly signing up for unwanted magazine subscriptions, and that Miller assisted other companies using the same scheme by supplying them with victims' personal information. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court does not weigh evidence or assess credibility of witnesses; examining evidence in light most favorable to verdict and accepting all reasonable inferences which tend to support jury verdict; appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).

Finally, we conclude that the district court did not err in determining the loss amount, see United States v. Bradford, 113 F.4th 1019, 1025-26 (8th Cir. 2024) (factual findings are reviewed for clear error; district court at sentencing need only make a reasonable estimate of the loss); or in sentencing Miller, as it considered the factors listed in 18 U.S.C. § 3553(a) and specifically noted the distinctions between Miller and his codefendants, see United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse-of-discretion standard; abuse of discretion occurs when court fails

to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); United States v. Dickson, 127 F.4th 722, 730 (8th Cir. 2025) (statutory directive to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct refers to national disparities, not differences among co-conspirators; it is not an abuse of discretion for a district court to impose a sentence that results in a disparity between codefendants when there are legitimate distinctions between the codefendants).

Accordingly, we affirm.

_____